UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :        Civil Action No.
                                Plaintiff,         :        CV-10-2980 (RRM)(CLP)
                                                   :
                        -against-                  :
                                                   :
BROOKLYN SLEEP PRODUCTS, INC.,                     :
and FRANCISCO CHAVEZ,                              :
                                                   :
                                Defendants.        :
-----------------------------------------------------------------------X

**[REVISED PROPOSED] ORDER OF PRELIMINARY INJUNCTION**

The United States of America, Plaintiff, having filed a Complaint for injunctive relief

against Brooklyn Sleep Products, Inc., and Francisco Chavez (collectively "Defendants") on

June 29, 2010, an Order to Show Cause for injunctive relief, a Memorandum of Law in Support

of Its Motion for Injunctive Relief, the Declaration of Heather Sonabend with exhibits attached,

and a Supplemental Memorandum of Law in Support of Its Motion for Preliminary Injunctive

Relief, and this Court having considered the record in this case and having been otherwise duly

advised, and it appearing that Defendants are violating, and unless restrained by Order of this

Court, will continue to violate the Consumer Product Safety Act ("CPSA"), 15 U.S.C. §§ 2051-

2084, and the Flammable Fabrics Act ("FFA"), 15 U.S.C. §§ 1191-1204, by selling, offering for

sale, manufacturing for sale, or distributing in commerce mattresses which are in violation of the

FFA and the CPSA, and the regulations issued thereunder, and

WHEREAS the Court finds as follows:

1.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 2071(a) and

2076(c) and 28 U.S.C. §§ 1331, 1337, and 1345.

2.      The Complaint states claims upon which relief may be granted against Defendants under Sections 19(a), 22, and 27 of the CPSA, 15 U.S.C. §§ 2068(a), 2071, 2076, and Section 3 of the FFA, 15 U.S.C. § 1192.

3.      At all times relevant hereto, Brooklyn Sleep Products, Inc. was a "manufacturer" of a "consumer product" as those terms are defined in 15 U.S.C. § 2052(a)(5) and (11) and a "person" as that term is defined in 15 U.S.C. § 1191.

4.      At all times relevant hereto, Francisco Chavez was the President and principal officer of Brooklyn Sleep Products, Inc., and in that capacity, was responsible for the acts, practices, and policies of Brooklyn Sleep Products, Inc.

5.      There is a substantial likelihood that the United States will succeed on its claim that Defendants Brooklyn Sleep Products, Inc., and Francisco Chavez have violated and continue to violate the CPSA, 15 U.S.C. §§ 2051-2084, and the FFA, 15 U.S.C. §§ 1191-1204, by selling, offering for sale, manufacturing for sale, or distributing in commerce consumer products regulated under the FFA, enforced by the CPSC, that are not in conformity with any rule, regulation, or standard under the FFA and the CPSA.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

I.      Defendants, and each and all of their directors, officers, agents, employees, successors, assigns, and all persons or entities in active concert or participation with any of them who receive notice of this Order by personal service or otherwise, shall comply with the provisions of the FFA and the CPSA and are preliminarily enjoined from directly or indirectly manufacturing for sale, renovating for sale, selling, or offering for sale, in commerce, or importing into

the United States, or introducing, delivering for introduction, transporting or causing to be transported, in commerce, or selling or delivering after a sale or shipment in commerce of any mattress, mattress set, or mattress pad that does not conform to applicable safety rules, regulations, or standards under the FFA, or any other Act enforced by the CPSC, in violation of the FFA, 15 U.S.C. § 1191 *et seq.*, including but not limited to:

A.     Manufacturing, importing, or renovating mattress sets which fail to meet the test criteria as established at 16 C.F.R. § 1633.3(b) and as required by 16 C.F.R. § 1633.3(d);

B.     Manufacturing, importing, or renovating prototypes as to which Defendants have failed to conduct prototype testing and to maintain the associated records as required by 16 C.F.R. §§ 1633.4(a), 11(a), and mattresses for which Defendants have failed to maintain prototype records for each qualified, confirmed, and subordinate prototype required by 16 C.F.R. §§ 1632.31(c), 1633.4 , and 1633.11(b);

C.     Mattresses as to which Defendants have failed to conduct prototype tests and to maintain the associated records for mattresses and mattress pads as required by 16 C.F.R. § 1632;

D.     Mattresses as to which Defendants have failed to maintain written quality assurance records including quality assurance procedures, production tests performed, production lot information, including the start and end dates of a production lot as well as the number of sets of each production lot,

3

mattress components, and assembly records as required by 16 C.F.R.

§ 1633.11(d);

E.      Mattresses as to which Defendants have failed to affix labeling in

compliance with federal requirements as established by 16 C.F.R.

§§ 1632.3(b) and 1633.12;

F.      Engaging in any other act or practice that would violate the FFA,

15 U.S.C. § 1191 *et seq.* and the CPSA, 15 U.S.C. § 2051 *et seq.*; and

G.      Failing to implement and continuously maintain the requirements of this

Order.

II.      The Defendants shall provide notice of this Order in the following manner upon

entry of this Order:

A.      Provide a copy of this Order, personally or, when necessary, by

certified mail, return receipt requested, to each of their officers,

agents, employees, successors, assigns, attorneys, and any persons

in active concert or participation with any of them (who shall

receive a copy of the Order in English, Spanish, or other language

as needed for the Order to be understood); and

B.      Post a copy of this Order in English, Spanish, and any other

language(s) so that it is understood by all employees, on a bulletin

board in the employee common area at the Defendants' plant, and

shall ensure that the Order remains posted so long as the Order

remains in effect.

4

III.    Representatives of the CPSC shall be permitted, without prior notice and as and when the CPSC deems necessary, to make inspections of Defendants' place(s) of business, and take any other measures necessary to monitor and ensure continuing compliance with the terms of this Order.  During such inspections, CPSC representatives shall be permitted ready access to Defendants' place(s) of business, including, but not limited to, all buildings, equipment, containers, labeling, and other promotional material therein; to take photographs and make video recordings; to take samples of Defendants' products, containers, labeling, and other promotional material; and to examine and copy all records relating to the manufacture for sale, the sale, or the offering for sale, in commerce, or the importation into the United States, or the introduction, delivery for introduction, transportation or causing to be transported, in commerce, or the sale or delivery after a sale or shipment in commerce of any mattress in order to ensure continuing compliance with the terms of this Order.  The inspections shall be permitted upon presentation of a copy of this Order and appropriate credentials.  The inspection authority granted by this Order is separate from, and in addition to, the authority to make inspections under the FFA, 15 U.S.C. § 1194(d), and the CPSA, 15 U.S.C. § 2065.

IV.    Within ten (10) calendar days of receiving a request from CPSC for any information or documentation that CPSC deems necessary to evaluate Defendants' compliance with this paragraph, Defendants shall provide such information or documentation to CPSC.

5

V.     If, at any time after entry of this Order, CPSC determines, based on the results of an inspection, testing, report, or other information, that the Defendants have failed to comply with any provision of this Order, have violated the FFA and the CPSA, or that additional corrective actions are necessary to achieve compliance with this Order, the FFA or the CPSA, CPSC may issue a directive notifying the Defendants in writing of the noncompliance and request that the Defendants take appropriate action to achieve compliance.  If Defendants fail to take appropriate action, the Commission may seek additional relief from this Court for such additional violations.  Such relief may include, but is not limited to, ordering the Defendants immediately to take one or more of the following actions:

A.     Cease manufacturing for sale, selling, or the offering for sale, in commerce, or importing into the United States, or introducing, delivering for introduction, transporting or causing to be transported, in commerce, or the selling or delivering after a sale or shipment in commerce mattresses, mattress sets, or mattress pads until the Defendants receive written notification from CPSC that the Defendants have provided evidence of and appear to be in compliance with the Order, the FFA and the CPSA, and that the Defendants may resume operations;

B.     Recall any and all of the Defendants' mattresses, mattress sets, or mattress pads that have been distributed to consumers or are within the possession, custody, or control of the Defendants' distributors, agents, or customers;

6

C.      Submit samples of the Defendants' mattresses, mattress sets, or mattress pads to a qualified laboratory to conduct flammability testing; and

D.      Take any other corrective actions as CPSC deems necessary to protect the public safety or bring the Defendants into compliance with this Order, and the FFA and the CPSA.  The provisions of this paragraph shall be apart from, and in addition to, all other remedies available to CPSC.  The Defendants shall pay all costs of recalls and other corrective actions, including the costs of CPSC's supervision, inspections, investigations, analyses, examinations, and reviews to implement and monitor recalls and other corrective actions.

VI.    All notifications, correspondence, and communications to the CPSC required by the terms of this Order shall be addressed to the CPSC, Director, Division of Regulatory Enforcement, Office of Compliance and Field Operations, 4330 East West Highway, Bethesda, Maryland 20814 or the CPSC, Office of General Counsel, 4330 East West Highway, Bethesda, Maryland 20814, as directed.

VII.   This Order shall not preclude Plaintiff or the CPSC, under *res judicata* or any other doctrine, from pursuing an action for civil penalties under 15 U.S.C. § 2069 and 15 U.S.C. § 1194(e) against Defendants, or any other applicable statute for the same acts and practices alleged in the Complaint.

SO ORDERED:


Dated this _____ day of _____, 2010



_____
UNITED STATES DISTRICT JUDGE