UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,                :
                                                                              :   Civil Action No.
                          Plaintiff,                                     :   CV-10-2980 (RRM)(CLP)
                                                                              :
             -against-                                                :
                                                                              :
BROOKLYN SLEEP PRODUCTS, INC.,     :
and FRANCISCO CHAVEZ,                        :
                                                                              :
                          Defendants.                               :
-------------------------------------------------------------------X

## [~~PROPOSED~~] TEMPORARY RESTRAINING ORDER

The United States of America, Plaintiff, having filed a Complaint for injunctive relief against Brooklyn Sleep Products, Inc., and Francisco Chavez (collectively "Defendants") on June 29, 2010, an Order to Show Cause for injunctive relief, a Memorandum of Law in Support of Its Motion for Injunctive Relief, the Declaration of Heather Sonabend with exhibits attached, and a Supplemental Memorandum of Law in Support of Its Motion for Preliminary Injunctive Relief, and this Court having considered the record in this case and having been otherwise duly advised, and it appearing that Defendants are violating, and unless restrained by Order of this Court, will continue to violate the Consumer Product Safety Act ("CPSA"), 15 U.S.C. §§ 2051-2084, and the Flammable Fabrics Act ("FFA"), 15 U.S.C. §§ 1191-1204, by selling, offering for sale, manufacturing for sale, or distributing in commerce mattresses which are in violation of the FFA and the CPSA, and the regulations issued thereunder, and

WHEREAS the Court finds as follows:

1. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 2071(a) and 2076(c) and 28 U.S.C. §§ 1331, 1337, and 1345.

2. The Complaint states claims upon which relief may be granted against Defendants under Sections 19(a), 22, and 27 of the CPSA, 15 U.S.C. §§ 2068(a), 2071, 2076, and Section 3 of the FFA, 15 U.S.C. § 1192.

3. At all times relevant hereto, Brooklyn Sleep Products, Inc. was a "manufacturer" of a "consumer product" as those terms are defined in 15 U.S.C. § 2052(a)(5) and (11) and a "person" as that term is defined in 15 U.S.C. § 1191.

4. At all times relevant hereto, Francisco Chavez was the President and principal officer of Brooklyn Sleep Products, Inc., and in that capacity, was responsible for the acts, practices, and policies of Brooklyn Sleep Products, Inc.

5. There is a substantial likelihood that the United States will succeed on its claim that Defendants Brooklyn Sleep Products, Inc., and Francisco Chavez have violated and continue to violate the CPSA, 15 U.S.C. §§ 2051-2084, and the FFA, 15 U.S.C. §§ 1191-1204, by selling, offering for sale, manufacturing for sale, or distributing in commerce consumer products regulated under the FFA, enforced by the Consumer Product Safety Commission ("CPSC"), that are not in conformity with any rule, regulation, or standard under the FFA and the CPSA.

6. Defendants have received prior and sufficient notice of the United States' application for a temporary restraining order and no further notice is required under Fed. R. Civ. P. 65(b).

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to 15 U.S.C. § 2071(a)(1), and pending a hearing on plaintiff's application for a preliminary injunction:

I. Defendants, and each and all of their directors, officers, agents, employees, successors, assigns, and all persons or entities in active concert or participation with any of them who receive notice of this Order by personal service or otherwise, shall comply with the provisions of the FFA and the CPSA and are ~~preliminarily~~ *temporarily* enjoined from directly or indirectly manufacturing for sale, renovating for sale, selling, or offering for sale, in commerce, or importing into the United States, or introducing, delivering for introduction, transporting or causing to be transported, in commerce, or selling or delivering after a sale or shipment in commerce of any mattress, mattress set, or mattress pad that does not conform to applicable safety rules, regulations, or standards under the FFA, or any other Act enforced by the CPSC, in violation of the FFA, 15 U.S.C. § 1191 *et seq.*, including but not limited to:

    A. Manufacturing, importing, or renovating mattress sets which fail to meet the test criteria as established at 16 C.F.R. § 1633.3(b) and as required by 16 C.F.R. § 1633.3(d);

    B. Manufacturing, importing, or renovating prototypes as to which Defendants have failed to conduct prototype testing and to maintain the associated records as required by 16 C.F.R. §§ 1633.4(a), 11(a), and mattresses for which Defendants have failed to maintain prototype records for each qualified, confirmed, and subordinate prototype required by 16 C.F.R. §§ 1632.31(c), 1633.4, and 1633.11(b);

3

  C. Mattresses as to which Defendants have failed to conduct prototype tests and to maintain the associated records for mattresses and mattress pads as required by 16 C.F.R. § 1632;

  D. Mattresses as to which Defendants have failed to maintain written quality assurance records including quality assurance procedures, production tests performed, production lot information, including the start and end dates of a production lot as well as the number of sets of each production lot, mattress components, and assembly records as required by 16 C.F.R. § 1633.11(d);

  E. Mattresses as to which Defendants have failed to affix labeling in compliance with federal requirements as established by 16 C.F.R. §§ 1632.3(b) and 1633.12;

  F. Engaging in any other act or practice that would violate the FFA, 15 U.S.C. § 1191 *et seq.* and the CPSA, 15 U.S.C. § 2051 *et seq.*; and

  G. Failing to implement and continuously maintain the requirements of this Order.

II. The Defendants shall provide notice of this Order in the following manner ~~upon~~ *within three (3) days of the* entry of this Order:

  A. Provide a copy of this Order, personally or, when necessary, by certified mail, return receipt requested, to each of their officers, agents, employees, successors, assigns, attorneys, and any persons in active concert or participation with any of them (who shall receive a copy of the Order in

        English, Spanish, or other language as needed for the Order to be understood); and

B.    Post a copy of this Order in English, Spanish, and any other language(s) so that it is understood by all employees, on a bulletin board in the employee common area at the Defendants' plant, and shall ensure that the Order remains posted so long as the Order remains in effect. *This Order shall remain in effect until 3:30pm on October 5, 2010.*

SO ORDERED:

Dated this __21st__ day of __September__, 2010

*5:30 p.m.*

_____
UNITED STATES DISTRICT JUDGE

5